IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN WESLEY KENDRICK, #792063 | § | |
| VS. | § | CIVIL ACTION NO. 9:09CV211 |
| DOMINIQUE JACKSON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff John Wesley Kendrick ("Kendrick" or "Plaintiff"), an inmate confined in the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on December 21, 2009. In it, Plaintiff claims that Correctional Officers Dominique Jackson and LaDonya Jackson conspired to retaliate against him for writing grievances. *See* Complaint at 2 (asserting that each Defendant acted under a "conspiracy to retaliate"), 3 ("the defendant writing Plaintiff Kendrick a bogus disciplinary case was motivated by a conspiracy to retaliate against him for exercising his First Amendment right to grievance redress.").

On June 17, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which

1

the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id*. at 180. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Ginger Lively and Assistant Warden Timothy Lester testified under oath about prison policies and information contained in the Plaintiff's prison records.

Plaintiff testified that on September 5, 2009, he was at the door of his cell watching a football game when Correctional Officer Dominique Jackson approached his cell and asked him how many were in the cell and he responded, "One." She proceeded down the line and returned to Plaintiff's cell, accused him of masturbating and wrote him up for a disciplinary infraction. Plaintiff testified that Officer Jackson told him that "I knew sooner or later we'd get your writ writing ass." He also testified that he accused Officer Jackson of retaliating against him for having written a grievance the month prior against Correctional Officer LaDonya Jackson. He asserted that the two were "kin to each other" because someone had told him so. He stated that if the two Jacksons were "kinfolk," then they "may have shared information" between them. Therefore, he claimed, they conspired to write him up with a "bogus" disciplinary case so as to get him downgraded in his prison population classification and move him from minimum to medium custody. However, Plaintiff also testified that "I think [Officer Dominique Jackson] thought I was masturbating." Nonetheless, he continued to assert that she wrote him up out of retaliation. He testified that he was found guilty of the disciplinary case for masturbating in public and was moved to medium security.

Plaintiff also testified that being moved to medium security did not prevent him from writing grievances against either of the officers, or anyone else. It only limited his access to the law library. However, Plaintiff also testified that he did not need access to the law library for the purpose of writing grievances, but did need it to pursue litigation. He had been in medium security before, in

2

or about 2005, when he pursued a similar lawsuit asserting retaliation for grievance-writing. He dismissed that case, he testified, because the intended defendant died.

Regarding the instant case, Plaintiff testified that he had no concrete information supporting his claim that Officers Dominique Jackson and LaDonya Jackson conspired against him. He simply testified that "They know each other. I feel they're retaliating against me."

Twice in the course of this action, Plaintiff has moved to amend his complaint to name additional defendants. Each time, the Court denied Plaintiff's motions because they attempted to amend his complaint in a piecemeal fashion without setting forth in a single document a short and plaint statement of his claim. *See* docket entries #23, 30. During the *Spears* hearing, Plaintiff testified that he wanted to add Warden Billy D. Hirsch, Officer Alexandria B. Close and Officer Clinton M. Davis, all of the Polunsky Unit, to his complaint. In the case of the two officers, Plaintiff testified that they had also written him disciplinary cases in the past in a pattern of conspiracy to retaliate against him for writing grievances. Again, he only testified that it was his belief that Officers Close and Davis had conspired against him, and he associated them in his claim of conspiracy because the disciplinary cases they had written against him were "bogus." He asserted that Warden Hirsch had failed to take action on his claims of a conspiracy to retaliate. However, none of these putative defendants is present in the instant case.

Regional Grievance Supervisor Ginger Lively testified that Plaintiff had exhausted his claims against Officers Dominique Jackson and LaDonya Jackson. She presented Plaintiff's Grievance and Classification records for review and Plaintiff agreed that the Court may review them.

Assistant Warden Timothy Lester testified during the *Spears* hearing that he did not know whether Officers Dominique Jackson and LaDonya Jackson are related. His files did include the

disciplinary cases to which Plaintiff referred during his testimony, and Warden Lester affirmed that Plaintiff had been found guilty on each disciplinary infraction.

Discussion and Analysis

To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.), *r'hng* and *r'hng en banc denied*, 203 F.3d 826 (5th Cir. 1999). Officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). A plaintiff must allege facts showing that the defendant possessed a retaliatory motive. *See Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir.), *cert. denied*, 488 U.S. 840, 109 S. Ct. 108, 102 L. Ed. 2d 83 (1988); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985). He must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997); *Jones*, 188 F.3d at 324-25. Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir.), *cert. denied*, 488 U.S. 985, 109 S. Ct. 540, 102 L. Ed. 2d 570 (1988). Moreover, he must show that "but for" a retaliatory motive, the defendants would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id*. Finally, the retaliatory adverse act must be more than a *de minimis* act. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir.), *cert. denied*, 549 U.S. 1038, 127 S. Ct. 596, 166 L. Ed. 2d 443 (2006).

Here, Plaintiff has not alleged facts sufficient to state a claim for retaliation. In his complaint and supporting memorandum, he simply states that he had written a grievance on Officer LaDonya Jackson at some unspecified time and that she is "kinfolk" with Office Dominique Jackson. He then relates the same conversation between himself and Officer Dominique Jackson on September 5, 2009, that he described during the *Spears* hearing. Based on the relationship he alleges between the two Jacksons, which he admitted in testimony he did not know to be true, Plaintiff alleges that the disciplinary case for masturbation was simply in retaliation for his grievances against Officer LaDonya Jackson. Even considering his self-serving allegations that the two Jacksons told him, "[w]e don't have to worry about your ass after today," there is nothing to tie his past grievance against Officer LaDonya Jackson to his claim of retaliation. He simply makes the conclusory claim:

> It is abundantly clear that through malice and forethought officer Dominique Jackson [and] officer LaDonya Jackson violated offender Kendrick's First Amendment Right To Grievance redress by conspiring to retaliate against Kendrick. Dominique Jackson's filing of disciplinary action against Kendrick in retaliation for him exercising his constitutional rights advanced no legitimate penological interests[ ].

Memo at 4 (citation omitted). Therefore, he says, causation is shown by "the direct link between his complaints and the punishment he received." However, there simply is no such link, and no causation. *McDonald*, 132 F.3d at 231. To the contrary, as Plaintiff testified during the *Spears* hearing, he believed that Officer Dominique Jackson thought that he was masturbating at the time that she wrote him up for a disciplinary infraction. Masturbating in public is a Level 2, Code 20.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders Handbook. *See Daniel v. Quarterman*, 2008 WL 2048155, at *1 (W.D. Tex. May 9, 2008); *Diaz v. Director, TDCJ-CID*, 2007 WL 4561608, at *10 (E.D. Tex. Dec. 21, 2007); *see also* TDCJ-CID Standard Offense Pleadings Handbook, A-43 (rev. Aug. 2005) (public masturbation as a subset of sexual misconduct).

5

Therefore, though Plaintiff is correct that retaliation does not serve a "legitimate penological interest," punishment for an infraction of prison rules and regulations does serve the legitimate penological interests of security, safety and discipline. *Muhammad v. Texas Dept. Of Criminal Justice, Institutional Div.*, 134 F.3d 368, 1997 WL 811681, at *1 (5th Cir. 1997) (not selected for publication in the Federal Reporter). Because he admits his belief that Officer Dominique Jackson believed him to be masturbating in public, Plaintiff cannot show that "but for" a retaliatory motive, she would not have written the disciplinary case on him for the infraction.[1] *McDonald*, 132 F.3d at 231; *Woods*, 60 F.3d at 1166.

He also cannot produce direct evidence of motivation in this case. *Woods*, 60 F.3d at 1166. He has only alleged his own personal belief that retaliation was involved, which is insufficient to state a claim. *Johnson*, 110 F.3d at 310; *Jones*, 118 F.3d at 324-25. Furthermore, he has not recited any chronology of event plausibly supporting an inference of retaliation. *Woods*, 60 F.3d at 1166.

Therefore, Plaintiff has not stated a claim for retaliation.

Plaintiff has also alleged that Officers Dominique Jackson and LaDonya Jackson conspired to retaliate against him. To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory

---

[1] Plaintiff's records reflect that he had been found guilty of 13 instances of disciplinary infractions for sexual misconduct, including the September 5, 2009, incident, since October 2000.

allegations of conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983.  *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (internal citations and quotations omitted), *vacated on other grounds and remanded*, 117 F.3d 1504 (5th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1058, 118 S. Ct. 716, 139 L. Ed. 2d 656 (1998); *see also Scott v. Curry*, 46 Fed. Appx. 732, 732 (5th Cir. 2002) (unpublished opinion), *Decker v. McDonald*, 2010 WL 1424322, at *23 (E.D. Tex. Jan. 11, 2010).  Here, the Plaintiff has not alleged facts, either in his complaint or in his testimony during the *Spears* hearing, supporting an inference that there was a conspiracy involving either Officer Dominique Jackson or Officer LaDonya Jackson that resulted in the violation of his rights under § 1983.  Again, Plaintiff's complaint fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law or in fact.

It is therefore

**ORDERED** that the Plaintiff's civil rights claims against Officers Dominique Jackson and LaDonya Jackson are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **21** day of **June, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE